# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-60270-BLOOM/Valle

NATHALIE JIMENEZ,

     Plaintiff,

v.

CONTINENTAL SERVICE GROUP
INC. CONSERVE,

     Defendant.

_____/

## ORDER ON MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Conserve's ("Defendant" or
"Conserve") Motion to Dismiss, ECF No. [17] ("Motion"), *pro se* Plaintiff Nathalie Jimenez's
("Plaintiff"), Amended Complaint, ECF No. [16] ("Amended Complaint").  Plaintiff filed a
response, ECF No. [18] ("Response"), and Defendant timely filed a reply, ECF No. [19]
("Reply").  The Court has carefully considered the Motion, the Response, the Reply, the record
in this case and the applicable law, and is otherwise fully advised.  For the following reasons, the
Motion is granted.

### I.     Background

The Court previously dismissed the original complaint, ECF No. [1] ("Complaint"), for
failure to state a claim.  In its prior order, the Court advised Plaintiff that she failed to allege
sufficient facts to state a plausible claim for relief.  *See* ECF No. [15] ("Order") at 7.  Despite the
Court's guidance, the allegations in the Amended Complaint are identical to those contained in

Plaintiff's original Complaint, except for paragraph 31, which applies solely to Plaintiff's FCCPA claim and which the Court addresses separately below.

Plaintiff alleges in the Amended Complaint, as in the Complaint, that she ordered credit reports from Experian, TransUnion, and Equifax (collectively, "CRAs"), showing an open collection account with Conserve reflecting a past due amount of $464.00. Amended Complaint ¶ 6. Plaintiff thereafter sent a debt validation letter to Defendant, Complaint, Exh. C[1] ("Debt Validation Letter"), as well as correspondence disputing the inaccurate reporting to the CRAs. *Id.* ¶¶ 8-9 (citing Complaint, Exh. B). The Debt Validation Letter formally disputed the debt and requested that Defendant provide evidence that Plaintiff had a legal obligation to pay Defendant. It also requested that Defendant provide a description of the debt, evidence that Plaintiff agreed to pay the amount in dispute, and identification of the original creditor. According to Plaintiff, Defendant responded to her Debt Validation Letter. Amended Complaint ¶ 10 (citing Complaint, Exh. D, ("Validation Response")). Defendant attached to the Validation Response a letter sent from Broward College, the creditor, stating, in pertinent part, "Ms. Jimenez received several statements regarding her balance. Payments were not made to Broward College and her account was referred to ConServe for collections. Ms. Jimenez is responsible for the balance of $357.00 for a financial aid overpayment, and the collection fee." *See* Validation Response at 19. The Validation Response also contained the Plaintiff's financial aid summary, her student financial data, signed financial obligations and financial aid acknowledgement form, tuition purposes affidavit, transcript, and book store purchase balances statement. *Id.* at 20-30.

Nevertheless, Plaintiff alleges that Defendant did not validate the debt and continued collection activity. Amended Complaint ¶ 10. As a result, Plaintiff alleges that she has sustained

---

[1] The exhibits referred to herein are referenced in the Amended Complaint, and are attached to Plaintiff's original Complaint. *See* ECF No. [1], Exhs. A-D.

damages. *Id.* ¶¶ 11-14. In the Amended Complaint, Plaintiff re-asserts violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") (Count I), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") (Count II), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA") (Count III).

## II.     Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Inv., Inc. v. City of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). "[J]udges must not

raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." *Bivens v. Roberts*, 2009 WL 411527, at \*3 (S.D. Ga. Feb. 18, 2009) (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; see *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

Furthermore, a court may dismiss a plaintiff's complaint with prejudice if it concludes that an additional amendment would be futile. *Anderson v. Vanguard Car Rental USA, Inc.*, 304 F. App'x 830, 832 (11th Cir. 2008). A court considers an additional amendment futile if, by amending the complaint, a plaintiff would still be unable to state a sufficient cause of action. *Id.*

### III.    Discussion

In the Motion, Defendant argues that the factual allegations in the Amended Complaint fall short of supporting the legal conclusions asserted by Plaintiff in her amended pleading. The

Court agrees. In addition, the Court finds that, if given the opportunity to amend her complaint, Plaintiff would be unable to state a sufficient cause of action, and, thus, an additional amendment would be futile. The Court considers each of Plaintiff's claims in turn.

### A.     FCRA (Count I)

Under 15 U.S.C. § 1681b(f) of the FCRA:

> A person shall not use or obtain a consumer report for any purpose unless--(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

"To state a FCRA claim of willful or knowing acquisition of a consumer report, a plaintiff must prove each of the following: (i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state." *Jimenez v. Account Servs.*, 2017 WL 455206, at *4 (S.D. Fla. Feb. 2, 2017) (quoting *Brown v. Encore Capital Grp. Inc.*, 2015 WL 1778380, at *5 (N.D. Ala. Apr. 20, 2015)) (internal quotations omitted). A consumer reporting agency is authorized to furnish a consumer report "to a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). "In short, it is permissible to obtain a consumer's credit report for collection purposes." *Jimenez*, 2017 WL 455206, at *4 (quoting *Brown*, 2015 WL 1778380, at *5) (internal quotations omitted). Moreover, "it is not a permissible purpose to pull a consumer's report where no actual debt exists." *Id.* (quoting *Tacoronte v. Tate & Kirlin Assocs.*, 2013 WL 5970720, at *9 (M.D. Fla. Nov. 8, 2013).

As the Court explained in its previous Order, Plaintiff failed to allege that she did not owe the underlying debt and the Amended Complaint is devoid of any new factual allegations bearing on this issue. *See Brown,* 2015 WL 1778380, at *5 (dismissing complaint where plaintiff alleged that she was not indebted to debt collector, but failed to allege that she did not owe the debt) (internal citation omitted). Moreover, Plaintiff has alleged that she ordered her own credit report, which is contradictory to the conclusory allegation that Defendant obtained her consumer report without a permissible purpose.

Nevertheless, Plaintiff's Response disputes her relationship with Defendant and further argues that "there were no transfers or assignments from original creditor that shows Defendant is in title [sic] to collect on the allege[d] debt." *See* Response at 3. However, the materials included in the Validation Response expressly state that Broward College referred the debt to Defendant for collection purposes, and thus, belie Plaintiff's argument.[2] *See* Validation Response at 19. Furthermore, this argument is merely a legal conclusion lacking factual support in the Amended Complaint. As such, an additional amendment would be insufficient to state a cause of action.

## B. FDCPA (Count II)

Plaintiff alleges violations of 15 U.S.C. §§ 1692d, 1692e(10), and 1692f. Amended Complaint ¶¶ 26-28. In general, section 1692d prohibits harassment, oppression or abuse of a person in connection with debt collection; section 1692e(10) prohibits the use of false, deceptive,

---

[2] A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

or misleading representations or means by a debt collector in collecting a debt; and section 1692f prohibits the use of unfair or unconscionable means to collect a debt. "In order to state a claim under the FDCPA, a plaintiff must establish that: (1) he has been subject to collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; (3) the defendant has participated in an act or omission prohibited by the FDCPA." *Higgens v. Trident Asset Mgmt.*, 2017 WL 2628404, at *2 (S.D. Fla. June 16, 2017) (citing *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008)).

As the Court explained in its previous Order, in order to state a plausible claim under the FDCPA, Plaintiff would need to allege facts to support the conclusion that Defendant engaged in some behavior that would constitute a violation of the FDCPA. While the sections of the FDCPA relied upon by Plaintiff provide numerous types of behavior constituting a violation of the statute, Plaintiff fails to allege any new facts in the Amended Complaint.

Plaintiff further alleges that Defendant did not validate the debt and yet continued collection activity. In general, if a consumer disputes the debt, "the debt collector shall cease collection of the debt … until the debt collector obtains verification of the debt … and a copy of such verification … is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). Here, the documents Plaintiff relies upon contradict her conclusory allegations in the Amended Complaint. *See Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1206 (11th Cir. 2007) ("When exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97,100 (5th Cir. 1974)[3] ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially

---

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."). The exhibits referred to in the Amended Complaint, which are the same exhibits attached to the Complaint, demonstrate that Defendant sent a response to Plaintiff's Debt Validation Letter, verifying that Broward College's records regarding Plaintiff's debt were accurate. *See* Validation Response. Moreover, the Validation Response detailed the amount outstanding on Plaintiff's Broward College account, which was referred to Defendant for collection due to Plaintiff's failure to pay. *See id.* In addition, Defendant provided back-up documents detailing the claimed amounts. *See id.* Thus, the Validation response still belies the allegations in the Amended Complaint.

Plaintiff nevertheless attempts to overcome this deficiency by arguing in her Response that reporting a debt on a credit report constitutes an attempt to collect a debt. Response at 3. Not only does this argument lack factual support in the Amended Complaint, Plaintiff cites no case law, nor has the Court found any, to support it. Thus, the deficiencies present in Plaintiff's initial FDCPA claim remain. As such, any additional amendment would be futile.

## C.    FCCPA (Count III)

Plaintiff again does not dispute the legitimacy of the debt in the FCCPA claim, but rather, asserts the only new allegation in the amended pleading—that she does not have a relationship with Defendant or an obligation to pay. *See* Amended Complaint ¶ 31. Once again, the Validation Response attached to the Complaint directly contradicts any such allegation because Broward College referred Plaintiff's account to Defendant for collections purposes. *See* Validation Response.

Generally, the FCCPA "prohibits enforcement of a debt when a person knows the debt is *not legitimate* or asserts the existence of a *legal right* that is known not to exist." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000) (emphasis in original). "To plead a FCCPA claim, a party must allege knowledge or intent by the debt collectors in order to state a cause of action." *Reese v. JP Morgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009) (internal citations and quotations omitted). Like the plaintiff in *Reese*, Plaintiff simply states a legal conclusion without any factual allegations that Defendant knows the debt is not legitimate, or that Defendant intended to collect a debt to which it is not legally entitled.

Plaintiff argues in response that there is a lack of assignment or transfer evidencing Conserve's entitlement to collect the debt. However, the materials included in the Validation Response expressly state that Broward College referred the debt to Defendant for collection purposes, and thus, belie Plaintiff's argument. Furthermore, no allegation regarding lack of assignment is contained in the Amended Complaint. As such, an additional amendment would be futile.

## IV. Conclusion

For the reasons set forth herein, Plaintiff's Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted. Even though Plaintiff requests the opportunity to amend, the Court is not obligated to grant further leave to amend where there has been a "repeated failure to cure deficiencies by amendments previously allowed," or "where amendment would be futile." *Anderson.*, 304 F. App'x at 832 (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)); *see also Christman v. Walsh* , 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to

dismiss."). Defendant's Validation Response expressly contradicts Plaintiff's conclusory allegations. As such, if given the opportunity to amend the complaint, Plaintiff would still be unable to state a sufficient cause of action.

In its prior Order, the Court provided Plaintiff with the opportunity to amend, and alerted Plaintiff that "a plaintiff in the first instance must allege sufficient facts to state a plausible claim for relief." Order at 7. Nevertheless, Plaintiff has failed to do so. The Amended Complaint is a patchwork of legal conclusions and recitation of statutory language that fails to state a plausible claim for relief. Upon review, the Court finds that further amendment would be futile, and thus declines to grant further leave to amend.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [17]**, is **GRANTED**. The Amended Complaint, **ECF No. [16]**, is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED TO CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 29th day of June, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Nathalie Jimenez, *pro se*
406 NW 68th Avenue
Apt. 411
Plantation, FL 33317